A. Franklin Mahoney, J.
This is an article 78 proceeding in the nature of a writ of mandamus to compel the Commissioner of Education to confer a Regents Graduate Teaching Fellowship upon petitioner for the school year of 1969-1970.
The fellowship, originally granted, was withdrawn on the ground that petitioner failed to qualify as a resident of this State pursuant to the provisions of subdivision 3 of section 602 *459 of the Education Law. In support of this position the State argues that petitioner and her spouse were married in New Jersey in August, 1967 and immediately moved to Bologna, Italy. In June, 1968 petitioner registered to vote in Newark, New Jersey and, in fact, voted in the November, 1968 election in New Jersey. Further, petitioner did not file any New York State income tax return for 1968 and in March, 1969 renewed her New Jersey automobile driver’s license. The petitioner relies almost solely on a lease for an apartment in blew York City dated August 12, 1968, covering a period from October 1, 1968 to September 30, 1970, as evidence of her residing in this State as of September 1,1968.
The contention of the petitioner results, in my view, from a misreading of section 602 of the Education Law. The fact that an applicant is a resident of this State for at least one year immediately preceding the semester or term for which assistance is sought, does not, a fortiori, entitle that applicant to a fellowship. Residency for at least one year in this State is an absolute. Einstein would not qualify without first establishing that he resided in New York State for a minimum period of one year. Therefore, in light of the thousands of other applicants for these fellowships, it cannot be said that the Commissioner acted arbitrarily in denying one to a petitioner with a doubtful claim to the necessary residency. In view of the overt acts of petitioner which mitigate against her claim of residency, I find that petitioner has failed to establish a clear legal right to the relief sought (Matter of Aliano v. University of State of N. Y., decided on April 11, 1969, Sup. Ct., Albany County; Matter of Mansfield v. Epstein, 5 N Y 2d 70).
The petition is dismissed.